Filed 6/30/26  Powell v. The City and County of S.F. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| DANIEL POWELL, <br>     Plaintiff and Appellant, <br> v. <br> THE CITY AND COUNTY OF SAN FRANCISCO et al. <br>     Defendants and Respondents. | A174609 <br><br> (City and County of San Francisco Super. Ct. No. CGC-24-616533) |

**MEMORANDUM OPINION[1]**

Pro se plaintiff Daniel Powell seeks relief from an order granting a motion for judgment on the pleadings in favor of individual defendant, London Breed, and staying his causes of action against the remaining named defendants, San Francisco Fire Department (SFFD) and the City and County of San Francisco (together, the City defendants; collectively, with Breed, defendants), pending resolution of a prior action raising similar claims against defendants.  We affirm.

---

[1] This matter is proper for disposition by a memorandum opinion in accordance with the California Standards of Judicial Administration, Standard 8.1.  (Cal. Stds. Jud. Admin., § 8.1; see Ct. App., First Dist., Local Rules of Ct., rule 19, Abbreviated Opinions; *People v. Garcia* (2002) 97 Cal.App.4th 847, 850–855 [use of memorandum opinions].)

As the parties are familiar with the facts and procedural history, we review them in brief. In the operative complaint, Powell alleged that on November 6, 2023, employees of the San Francisco Fire Department "[v]iolated [his] [p]erson and [s]pirit by Assault, Battery, and Abduction/False Imprisonment" in an ambulance on the "300 block of Ellis St[reet], San Francisco, CA." He further alleged that Breed "functioned . . . as element of CONCEALING THE CRIMES against [Powell] by way of City Adjuster, Grace Glenn."

Defendants moved for judgment on the pleadings as to Breed on the ground that she was the mayor at the time of the alleged tort and therefore immune from vicarious liability for acts by public entities. In their supporting papers, defendants also notified the trial court that Powell recently had filed an amended complaint in another case, CGC-24-616508 (*Powell I*). Defendants attached the operative complaint in *Powell I*, in which Powell alleged that on November 6, 2023, employees of the San Francisco Fire Department assaulted and abducted him "inside [an] SFFD ambulatory vehicle" at "373 Ellis Street" and "Municipal Adjacent Defendants did have at least some representative employees engaged in concealing those actions . . . ." Defendants also attached an order from *Powell I* in which the trial court stated: "[Powell] filed another action growing out of the same transaction and between the same parties. (See CGC-24-616533.) The problem is the instant case is 'the earlier action,' and CGC-24-616533 is 'the second action' subject to abatement."

In August 2025, the trial court entered an order granting defendants' motion for judgment on the pleadings as to Breed. It explained that Government Code section 820.9 precludes vicarious liability for the mayor, immunizing Breed as the former mayor from Powell's claims. The court also

2

took judicial notice of the records in *Powell I*, found that the actions arose "out of the same events," and issued an interlocutory judgment of abatement, "stay[ing] [the instant] action pending the resolution of Case No. CGC-24-616508." Powell appealed.

On appeal, we must presume the trial court's judgment is correct. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) The appellant bears the burden to show error with an adequate record and to support any points made with citations to the record. (*Id.* at p. 609; Cal. Rules of Court, rule 8.204(a)(1)(C) ["Support any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears."].) We may disregard assertions and arguments that lack record references or citations to legal authority. (*Champir, LLC v. Fairbanks Ranch Assn.* (2021) 66 Cal.App.5th 583, 597.) We hold in propria persona litigants to the same standards as attorneys. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985.)

Based on these standards, we must affirm the order. To the extent Powell alleges the trial court erred, his assertions are unsupported by citations to the record. It is not the role of this court to search the record for evidence that supports a party's statements. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.)

Powell also fails to provide any cogent legal analysis in his opening brief as to how the trial court erred. A liberal reading of his opening brief reveals only an oblique reference to the order granting judgment on the pleadings as to Breed. Citing "*Harshbarger v. City of Colton (1988) 197 Cal. App. 3rd* [1335]," Powell asserts that "the perceived immunity is only effectively providing immunity for municipal employees, unless and until Actual Fraud, Malice, and/ Oppression is/are shown." However, *Harshbarger*

3

did not address elected officials' immunity from vicarious liability for the acts or omissions of public entities under Government Code section 820.9 and therefore is inapposite. For the same reason, Powell's reliance on *Masters v. San Bernardino County Employees Retirement Assn.* (1995) 32 Cal.App.4th 30 is likewise misplaced. Moreover, Powell also does not address the interlocutory judgment of abatement at all, forfeiting any claim that the court erred on that issue. (See *Golden Door Properties, LLC v. Superior Court* (2020) 53 Cal.App.5th 733, 786 ["issues not addressed as error in a party's opening brief with legal analysis and citation to authority are forfeited"].)

Powell's status as a self-represented litigant does not exempt him from the rules of appellate procedure or relieve his obligation to present intelligible argument supported by legal authority and the record. (*Nwosu v. Uba, supra,* 122 Cal.App.4th at pp. 1246–1247.) In view of the substantial deficiencies in his brief, we conclude he has failed to meet his burden of establishing error.

## DISPOSITION

The judgment is affirmed. In the interests of justice, no costs are awarded. (Cal. Rules of Court, rule 8.278(a)(5).)

_____
Sweet, J.*

WE CONCUR:


_____
Brown, P. J.


_____
Streeter, J.



A172591/*Powell v. City & County of SF*

---

* Judge of the Superior Court of California, County of Marin, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5